IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 OCT 12 A 11: 06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FRED PORTIS and BEVERLY PORTIS, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 2:06CV926-MEF |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

NOW COMES Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") and gives notice of removal of the above-styled action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for the removal of this action, Defendant State Farm states the following:

1.  Upon information and belief, Plaintiffs Fred and Beverly Portis are citizens of the State of Alabama residing in Montgomery County, Alabama.

2.  Defendant State Farm is a corporation with its principal place of business being located in Bloomington, Illinois and licensed to do business in and doing business in Montgomery, Montgomery County, Alabama.

3.  There are no other parties to this action.

4.  Defendant State Farm was served in this action on September 14, 2006 by Complaint alleging breach of contract and "bad faith." In Count 1 - Breach of Contract, Plaintiffs allege that Defendant State Farm has ignored or rejected legitimate claims for three years and that they have not

been adequately compensated as called for by the terms of the insurance contract. In Count II - "Bad Faith," Plaintiffs allege that State Farm intentionally denied legitimate claims of the Plaintiffs and Plaintiffs claim punitive damages. (Complaint ¶ 18). The Complaint is attached hereto as Exhibit A.

5. Other than the filing of the Complaint identified as Exhibit A, no other proceedings have taken place in state court as to the subject matter of the Complaint, nor have any other pleadings been filed in the state court.

6. This action is subject to removal on the basis of diversity of the parties pursuant to 28 U.S.C. § 1332 which empowers the district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states." Plaintiffs are citizens of Alabama; State Farm is a citizen of Illinois.

7. The Complaint seeks recovery of compensatory damages unspecified in Count I of the Complaint and seeks punitive damages and compensatory damages in Count II of the Complaint. The ad damnum clause in Count II of the Complaint "demands judgment against the Defendant for an amount in excess of $50,000 with interest and costs thereon." Defendant State Farm submits that the amount is controversy is in excess of $75,000. In support thereof, Defendant attaches the Affidavit of Angela Pierce as Exhibit B. The Affidavit establishes that, during the handling of this claim, demand was made by the Plaintiffs for State Farm to pay additional amounts of money pursuant to the terms and conditions of the insurance contract, over and above the amounts which State Farm paid to the Plaintiffs during the course of the claim. Plaintiffs have claimed additional benefits in the amount of approximately $7,500.

Correspondence from counsel for the Plaintiffs stated that the Plaintiffs' health was in jeopardy due to the delay in payments. (See Exhibit C). Plaintiffs' Complaint claims punitive damages. (Exhibit A, Count II, Ad Damnum clause).

State Farm contends that, because there are two Plaintiffs who can each seek compensatory damages, the combination of the claim for additional insurance benefits, damages to health alleged to have been suffered due to delay in payment, and punitive damages establish that the amount in controversy is in excess of $75,000. There is no question the Court can and should consider the extra contractual claims for purposes of determining the amount in controversy. *See, e.g., Blalock v. Wal-Mart Stores East, LP*, 2006 WL 1669849, __ F.Supp.2d __ (M.D. Ala. June 16, 2006) Thompson, J. The issue is what value to put on those claims in this case.

8. This notice is filed with this Court within 30 days of service of process on this Defendant pursuant to 28 U.S.C. § 1446.

9. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and since Defendant State Farm is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(c).

10. Notice of Defendant's removal of the above-styled action has been given to the Clerk of the Circuit Court of Montgomery County, Alabama and to Plaintiffs as required by 28 U.S.C. § 1446(d). Notice of Defendant's removal is attached hereto as Exhibit D.

**DONE** this the 12th day of October, 2006.

_____
MICHEAL S. JACKSON [JACKM8173]
Attorney for Defendant State Farm Fire and Casualty Company

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 (fax)
mjackson@beersanderson.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Jacob Fuller, Esq.
LAW OFFICE OF J. DOYLE FULLER
2851 Zelda Road
Montgomery, AL 36106

on this the 12th day of October, 2006.

_____
OF COUNSEL



ELECTRONICALLY FILED
9/8/2006 2:44 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| FRED AND BEVERLY PORTIS, | ) |
| Plaintiffs, | ) |
| vs. | ) CASE NO: CV-_____ |
| STATE FARM INSURANCE COMPANY | ) |
| Defendants | ) |

## COMPLAINT

Comes now the Plaintiffs, Fred and Beverly Portis, and would show this Honorable Court the following:

## PARTIES

1. The Plaintiff, Fred Portis, is an adult resident of Montgomery County, Alabama residing at 8859 Oak Meadow Court, Montgomery, Alabama 36116.

2. The Plaintiff, Beverly Portis, is an adult resident of Montgomery County, Alabama residing at 8859 Oak Meadow Court, Montgomery, Alabama 36116.

3. The Defendant, State Farm Insurance Company, is a corporation doing business at 1100 Emory Folmar Boulevard, P.O. Box 210159 Montgomery, Alabama 36121.



DEFENDANT'S EXHIBIT A

SF-Portis
00116

## COUNT I: BREACH OF CONTRACT

4. The Plaintiffs carried a homeowner's insurance policy through the Defendant State Farm Insurance Company.

5. On or about April 10, 2003, the Plaintiff's residence suffered an electrical fire that damaged the home extensively. Numerous contents were destroyed and major repair work was needed.

6. The Plaintiffs have not been adequately compensated as called for by the terms of the homeowner's insurance contract.

7. The Defendant has ignored or rejected legitimate claims for three years now and stands in breach of the contract.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount to be awarded by a jury of their peers plus interests and costs in this matter.

## COUNT II: BAD FAITH

8. Plaintiff readopts and realleges all the allegations in the preceding paragraphs of this Complaint.

9. Defendant is a corporation organized and existing under the laws of the State of Alabama, and engaged in the business of selling casualty insurance.

10. Defendant issued a contract of casualty insurance to Plaintiffs.

11. On or about April 10, 2003 Plaintiff suffered a loss under said policy when an electrical fire damaged their home.

12. Thereafter, Plaintiff made a claim for this loss with Defendant on said policy.

13. Defendant intentionally refused to pay the Plaintiff's said claim under said policy and denied the same without lawful justification.

14. Defendant's refusal to pay said claim was not based upon any reasonably legitimate, arguable or debatable reason.

15. Defendant knew that there was no legitimate, arguable or debatable reason for denying the claim, when Defendant refused to pay said claim.

16. Defendant intentionally failed to determine whether or not there was any lawful basis for its refusal to pay said claim.

17. The Defendant acted in bad faith in refusing to pay said claim.

18. Plaintiff claims punitive damages of the Defendant.


WHEREFORE, Plaintiff demands judgment against the Defendant for an amount in excess of $50,000.00 with interest and costs thereon.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount to be awarded by a jury of their peers plus interests and costs in this matter.

     /s/   Jacob Fuller

**JACOB FULLER** (FUL030)
Attorney for Plaintiff
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020
(334) 270-9848 *fax*
**Jacob@jdoylefuller.com**

SF-Portis
00119

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED PORTIS and BEVERLY PORTIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT

Before me, the undersigned authority in and for said State at Large, personally appeared ANGELA PIERCE, who is known to me and who after first being duly sworn did depose and state under oath as follows:

1. My name is Angela Pierce and I am a Team Manager in the Claims Department for State Farm Fire and Casualty Company. I supervised Shawn Simms and was also personally involved in the adjustment of the Portises' claim. I have personal knowledge of the matters set forth in this Affidavit.

2. The limits of the insurance policy issued by State Farm to the Portises for Coverage B contents was $160,650. To date, State Farm has paid $155,038.55 to the Portises for contents coverage. Thus, the amount which remains at issue is the balance of the Coverage B contents limits which is $5,611.45.

3. In addition to the Coverage B contents coverage, the Portises claimed two months of rent for an apartment pursuant to the Additional Living Expense provision of the insurance policy.


DEFENDANT'S EXHIBIT B

State Farm's position was that it did not owe this additional living expense because enough time had elapsed for repairs to have been made to the Portis dwelling. The amount claimed by the Portises pursuant to the Additional Living Expense provision of the policy which was not paid by State Farm was $2,200.

4. During the adjustment of the Portises' claim, Attorney Doyle Fuller sent a letter (Exhibit C) stating that the Portises' health was being placed in jeopardy due to State Farm not paying the contents limits and not paying Additional Living Expenses.

Further the affiant saith not.

_____
ANGELA PIERCE, Team Manager


STATE OF ALABAMA
MONTGOMERY COUNTY

SWORN TO and SUBSCRIBED before me, this the 11th day of October, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 3-17-2007

LAW OFFICES OF
# J. DOYLE FULLER, P.C.
2851 Zelda Road
Montgomery, Alabama 36106

J. DOYLE FULLER
SUSAN G. COPELAND*
JACOB A. FULLER

334-270-0020
334-270-9848 (FAX)
FULLER@JDOYLEFULLER.COM

*Also admitted in Florida

---

October 6, 2004

RECEIVED FIRE COMPANY

OCT 0 8 2004

SUPT. ANGELA PIERCE

**MR. SHAWN SIMS**
State Farm Insurance
Post Office Box 210159
Montgomery, AL 36121

    Re:    **FRED and BEVERLY PORTIS**
            Claim No. 01-Q140-799
                       779

Dear Mr. Sims,

    Below please find a list of problems we have recently encountered with the above referenced claim that needs to be resolved as soon as possible in order to try and avoid litigation in this matter:

1. Please be advised that due to the length of time on the restoration, the materials and installation rates that were reserved by the suppliers for the impending work have increased. Also, materials such as carpet, tile, hardwood that had warranties from the date of purchase have expired while materials sat in the warehouse. In order to have a warranty, refunds had to be taken, and items re-purchased, at the current prices, which are higher than the original cost. Please reconcile this matter with the current contractor.



DEFENDANT'S EXHIBIT C

SF-Portis
00163

Shawn Sims
State Farm
October 6, 2004
Page 2

---

2. No rent for the month of September or October. Under the policy, this benefit is to be paid for up to two years from the date of the fire. State Farm is currently in default of this obligation. Please remit the rent for September and October immediately.

3. This office furnished receipts to you on June 2, 2004 totaling $52,433.12. The receipts well exceed the balance of available coverage on contents. The Portis' have brought by the additional contents list to be filed with State Farm Claims that you requested (copy enclosed). This is a supplemental contents report that adds to the contents list that State Farm already has, which will further exceed the balance of available coverage on contents.

4. Due to the strenuous delays and lengthy claims, the health of both Mr. and Mrs. Portis is in jeopardy due to the stress they have been under since the fire. The further matching of receipts and contents list should not be necessary at this point since the receipt totals already well exceed the policy limits on contents.

Please call me as soon as possible so that we may be able to get this matter resolved. If I do not hear from you within the next ten (10) days I feel I have not further option but to pursue this matter in court.

Regards,

J. DOYLE FULLER

JDF/srl

SF-Portis
00164

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| FRED PORTIS and BEVERLY PORTIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. CV-2006-900040.00 |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

### NOTICE TO STATE COURT OF REMOVAL OF ACTION

TO: Honorable Melissa Rittenour, Circuit Clerk
Montgomery County Courthouse
P. O. Box 1667
Montgomery, AL 36102-1667

Please take notice that Defendant State Farm Fire and Casualty Company has this date filed a Notice of Removal, a copy of which is attached hereto, in the Office of the Clerk of the United States District Court for the Northern District of Alabama, Southern Division.

**DONE** this the 12th day of October, 2006.

MICHEAL S. JACKSON [JACKM8173]
Attorney for Defendant State Farm Fire and
Casualty Company

BEERS, ANDERSON, JACKSON,
 PATTY, VAN HEEST & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 (fax)
mjackson@beersanderson.com



DEFENDANT'S EXHIBIT D

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Jacob Fuller, Esq.
LAW OFFICE OF J. DOYLE FULLER
2851 Zelda Road
Montgomery, AL 36106

on this the 12th day of October, 2006.

_____
OF COUNSEL