IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRED PORTIS and BEVERLY PORTIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-cv-926-MEF |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

NOW COMES Defendant State Farm Fire and Casualty Company, incorrectly named in the Complaint as State Farm Insurance Company, in response to Plaintiffs' Complaint, and states as follows:

1. Admitted.

2. Admitted.

3. The Defendant State Farm Fire and Casualty Company is incorrectly identified in the Complaint as State Farm Insurance Company. Defendant admits that, among other places, it does business at 1100 Emory Folmar Boulevard.

4. State Farm admits that it issued a homeowners policy to the Plaintiffs.

5. State Farm admits that the resident suffered a fire without admitting the characterization used as the words "extensively" "numerous" and "major" are not subject to definition and may mean different things to different people.

6. Denied.

7. Denied.

8. Defendant readopts and realleges all the allegations in the preceding paragraphs as if fully set out herein.

9. Denied. State Farm is a corporation organized under and existing under the laws of the State of Illinois. State Farm is engaged in the business of selling casualty insurance.

10. State Farm admits that it issued a homeowners policy to the Plaintiffs.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. State Farm denies that the Plaintiffs are entitled to punitive damages against it.

For further answer unto Plaintiffs' Complaint, State Farm states as follows:

1. State Farm paid all benefits the Plaintiffs were entitled to receive pursuant to the homeowners insurance policy.

2. Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

3. Defendant affirmatively avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

4. Defendant affirmatively avers that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

5. Defendant avers that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment to the Constitution of the United States.

6. Defendant affirmatively avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against the Defendant punitive damages which are penal in nature yet compel the Defendant to disclose potentially incriminating documents and evidence.

7. The Plaintiffs' claim of punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiffs satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

  (d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

  (e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

  (f) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and of the Alabama Constitution of 1901 as amended to impose punitive damages on one defendant for the acts of another defendant.

  (g) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and of the Alabama Constitution of 1901 as amended to impose joint and several liability for punitive damages and to prohibit the jury from allocating punitive damages among defendants.

  8. Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

  9. The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

  10. The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

11. The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30, ALA. CODE, 1975, and is barred.

12. The claim for punitive damages is subject to the limitations set forth in ALA. CODE § 6-11-20 through § 6-11-30 (1975) which the Alabama Supreme Court incorrectly decided was unconstitutional. Defendant contends that the statute passed by the Legislature is still in force and effect and that the Alabama Supreme Court violated the separation of powers doctrine in declaring said Act unconstitutional.

13. Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. ____, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish this Defendant with the intent of changing its lawful conduct in other states; and

(d) It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

14.   Defendant State Farm avers that Section 6-11-21 of the CODE OF ALABAMA (1975) is applicable to the award of any punitive damages in this matter.

**DONE** this the 12th day of October, 2006.

_____
**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendant State Farm Fire and Casualty Company

BEERS, ANDERSON, JACKSON,
  PATTY, VAN HEEST & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988
(334) 834-5311
(334) 834-5362 (fax)
mjackson@beersanderson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ANSWER has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Jacob Fuller, Esq.
LAW OFFICE OF J. DOYLE FULLER
2851 Zelda Road
Montgomery, AL 36106

on this the 12th day of October, 2006.

_____
**OF COUNSEL**