IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED PORTIS and BEVERLY PORTIS | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:06-CV-926-MEF |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant | ) |

## RESPONSE TO ORDER OF AUGUST 20, 2007 (DOC#12)

Comes now Counsel for the Plaintiffs' and responds to this Court's Order of August 20, 2007 (The Order).

In the Order, this Court directed Plaintiffs' Counsel to respond to certain matters addressed in said Order.  Counsel will respond to each in turn.

I.  The factual and legal basis for any assertion that he (Counsel) continues to have authority to act as Counsel for Plaintiff Fred Portis in this case.

Under the law, as we understand it, and in a strict legal sense, we have no authority to continue to act as counsel for a dead man.  Big Red Elephant v. Bryant, 477 So.2d 342 (Ala.1985).

II.  "For Each and Every claim set forth in the Complaint, the legal basis for the survival of any of the claims of Plaintiff Fred Portis given his death or if none of the claims survive, the legal authority for the proposition that the death of Plaintiff Fred Portis extinguished those claims."

This is a diversity case, hence Alabama law both tort and contract claims survive the death of the Plaintiff if suit has been filed prior to that death.

§ 6-5-462 Ala. Code 1975 provides:

In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representatives of a deceased tort-feasor.

See also <u>Malcolm v. King</u>, 686 So.2d 231 (Ala.1996); <u>Benefield v. Aquaslide 'N Dive Corp</u>, 406 So.2d 873 (Ala.1981).

There are two counts to this Complaint:  Count I - "Breach of Contract" (contract action) and Count II – "Bad Faith" (a tort action).  Thus, both survive in favor of the personal representative.

III.   <u>"The specific identify of the person or persons authorized by law to act on behalf of the Plaintiff Fred Portis' Estate or his heirs or successors, including the names(s), addresses(es), and telephone number(s) for each such person."</u>

Due to the widow of Mr. Portis working through the grief process, she has not been readily available to Plaintiffs' counsel over the last several weeks.  We have made attempts to contact her.  Thus we do not know the provisions of Fred Portis' will, i.e. beneficiaries, executor, etc.

We do know this:  Mr. Portis was survived by his widow, Beverly (who is also a Plaintiff in this case).  Mrs. Portis is my client and may be contacted through this office.  In addition, her residence address and phone numbers are: 8859 Oak Meadow Court, Montgomery, Alabama 36116; Phone – (334) 244-7894.  Mr. Portis also was survived by one son and one daughter:  Major Frederick Portis (USAF), address unknown, but believed to be stationed near Destin, Florida; phone number unknown to Plaintiffs' counsel at this time; and

Erica Portis-Davis, address and phone number unknown to Plaintiffs' counsel at this time. These are the only heirs at law of Fred Portis.

These causes of action however do not survive in favor of the heirs at law. Rather, as pointed out earlier, they survive in favor of the Personal Representative. The "Personal Representative" is either the administrator (if Mr. Portis had no will) or the executor (if he had a will) of his estate. <u>Waters v. Hipp</u>, 600 So.2d 981, 982 (Ala.1992).

Given that Mr. Portis died less than a month ago, there is not yet an appointed "Personal Representative".

IV.     <u>"Legal documentation establishing that the person or persons identified as being authorized by law to act on behalf of Plaintiff Fred Portis' estate or his heirs or successors are actually so authorized.</u>

I might add here, FRCP Rule 25 addresses this situation. It provides for substitution of parties in the event of death of a Plaintiff. Under that Rule, substitution may be made within 90 days of suggestion of death. (We have filed along with this filing a formal suggestion of death). To the extent necessary, upon due appointment of a Personal Representative, a motion for substitution will follow, along with supporting documentation.

V.      <u>"Documentation establishing the fact of death of Fred Portis (such as a copy of a certificate of death.)</u>

Attached hereto is a copy of the death certificate of Fred Portis.

One final point. Plaintiffs' counsel has discussed these questions with Counsel for the Defendant and we have agreed that since Mr. And Mrs. Portis jointly owned the house in question, and since the policy at issue was issued to

them jointly, the cause of action belongs as much to Mrs. Portis as to Mr. Portis.

Thus, the issue seems to be academic. Mrs. Portis, given the death of Mr. Portis,

now has the entire claim.

Respectfully submitted this the 31st day of August, 2007.


/s/ J. Doyle Fuller
**Of Counsel**


J. Doyle Fuller
Jacob A. Fuller
Law Offices of J. DOYLE FULLER, L.L.C.
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020
Attorneys for Plaintiffs




### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following by

placing a copy of same in the United States Mail, first-class postage prepaid, on this the 31st  day

of August, 2007.


**MICHEAL S. JACKSON [JACKM8173]**
Attorney for Defendant State Farm Fire and
Casualty Company
BEERS, ANDERSON, JACKSON,
PATTY, VAN HEEST & FAWAL, P.C.
Post Office Box 1988
Montgomery, Alabama 36102-1988


/S/ J. DOYLE FULLER
**OF COUNSEL**

## ALABAMA
### CERTIFICATE OF DEATH